*557
 
 ROGERS, J.
 

 The plaintiff, Bodcaw Lumber Company, Inc., is the owner of 40,047 acres of cut-over pine lands in the parish of Bienville. Plaintiff returned these lands for assessment purposes for the year 1929 at an average value of $4.12 per acre. The assessor of the parish disregarded the return and assessed the lands at an average value of $6.30 per acre. Plaintiff then brought this suit to reduce the assessment to the valuation placed on the lands in its return. Defendants, the assessing and tax collecting authorities of the parish and the Louisiana tax commission, joined issue on plaintiff’s demand, affirming the correctness of the assessment attacked. ' The controversy involves a difference of $87,650 in the assessment and of $3,543.81 in the taxes on plaintiff’s lands. The court below rejected plaintiff’s demands and awarded the attorney for the parish tax collector a fee of $354.38, being 10 per cent, of the taxes in dispute. Prom this judgment the plaintiff appealed.
 

 Plaintiff’s lands are situated within the area hounded on the northeast corner by the town of .Bienville, and on the northwest corner by the village of Jamestown, on the southwest .corner by the town of Castor, and on the southeast comer by the village of Saline. They consist approximately of 15,000 acres of short-leaf pine cut-over lands and 25,000 acres of long-leaf pine cut-over lands.
 

 Plaintiff invokes the legal principle that, in valuing land which is to be assessed as one parcel, the estimate should be of the whole and not of parts separately and then added together; also the rule that the present actual cash value of lands and not their possible future value is the proper basis of assessment, the actual cash value being the price the lands would sell for, for cash, in the ordinary course of business free from incumbrance, otherwise than by forced sale. Lyon Lumber Company v. Louisiana Tax Commission, 158 La. 990,
 
 105
 
 So. 39.
 

 The evidence shows that, because of infertility, erosion, and a broken surface, the lands, taken as a whole, are better suited for reforestation than for agricultural purposes. The estimates of plaintiff’s witnesses as to the value of tbe tract, as a whole, vary from an average of $2 an acre to an average of $4 an acre. Plaintiff’s land agent testified that plaintiff was willing to sell the land for a uniform price of $4.12 per acre, provided the tract was sold as a whole. But plaintiff was not willing to sell small isolated tracts for that, or even for a greater price. The witness admitted, however, that no attempt whatever had been made to dispose of the lands, and that they were presently not on the market for sale.
 

 According to the testimony of defendants’ witnesses, the average value of plaintiff’s lands ranged from $6 per acre to $10 per acre. Tlje defendant parish assessor showed that the average valuation of all cut-over lands in the parish for the year 1929 was $7.27 per acre; that the valuation of the cut-over lands owned by other large lumber companies in the parish varied from $6.73 per acre to $7.68 ]oer acre, the valuation of $6.30 per acre on the plaintiff’s lands being the lowest in the parish. But the evidence conclusively shows that, due to such a large proportion of long-leaf cut-over lands — -practically the only land of that character in the parish — in the tract owned by the plaintiff, that tract is not quite so valuable as the lands owned by the other lumber companies of the parish.
 

 Plaintiff’s cut-over pine lands were assessed for' the year 1928 at an average valuation of $5.44 per acre. The parish assessor admitted that he would have permitted the assessment for 1929 to remain at the same
 
 *559
 
 figure but for the fact that he was instructed by the Louisiana tax commission to raise the assessments on all lands in the parish. However, there is no evidence in the record justifying the action of the tax commission.
 

 The assessment of plaintiff’s lands for the year 1928 at an average valuation of $5.44 was fixed in accordance with the return made by plaintiff for that purpose. It is true, the land agent of the plaintiff testified that he verbally protested at the time that the assessment was too high, but the figure, itself .was finally agreed upon between him and the assessor. Plaintiff’s representative admits, in his testimony, that little or no change took place in the character or condition of plaintiff’s lands between the years 1928 and 1929. And the evidence fairly shows, we think, that, if during that period there was any change at all in the lands, it was for the better, due to the tree growth thereon, and that the property was probably worth a trifle more in 1929 than it was in 1928.
 

 In our opinion, the parties litigant have not satisfactorily shown why the average valuation of $5.44 per acre placed upon plaintiff’s lands by mutual agreement in 1928 should be either increased or decreased in 1929,' and our conclusion is that this valuation should have formed the basis for the assessment of plaintiff’s property for the latter year.
 

 As the reduction herein secured by plaintiff is more than 25 per cent, of the reduction claimed, the attorney for the tax collector is not entitled to a commission of 10 per cent, on the amount of taxes herein involved. Section 16, Act 140 of 1916; Lyon Lumber Co. v. Louisiana Tax Commission, supra.
 

 For the reasons assigned, the judgment appealed from is annulled, and it is now ordered that there be judgment in favor of the plaintiff, Bodcaw Lumber Company of Louisiana, Inc., and against the defendants, the sheriff and ex officio tax collector, the assessor, and the police jury of the parish of Bienville, the police jury of said parish sitting as a board of reviewers, the board of equalization of Bienville parish and the Louisiana tax commission, reducing the assessment for the year 1929 of the cut-over pine lands (approximately 40,047 acres) owned by plaintiff in Bienville parish from an average valuation of $6.30 per acre to ah average valuation of $5.44 per acre, which valuation of $5.44 per acre is ordered extended on the tax rolls of Bienville parish for the year 1929, and that, as thus corrected and extended the millage levies thereon be extended and collected; costs of court to be paid by plaintiff.